**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA M. CHABALA and RICHARD R. CHABALA, | CIVIL ACTION NO. 3:12-cv-1732 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| GERALD STOUT and HURRICANE EXPRESS, INC., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the Notice of Removal by Defendants Gerald Stout and Hurricane Express, Inc. (Doc. 1.) Because the Notice of Removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded to state court unless Defendants can show that diversity jurisdiction is proper.

**I. Background**

Plaintiffs originally filed this action in the Court of Common Pleas of Luzerne County, Pennsylvania on or about February 24, 2012. (Doc. 1, Ex. A.) In their Complaint, Plaintiffs bring a state-law action for negligence and loss of consortium against Defendants for injuries sustained by Plaintiff Linda M. Chabala on February 5, 2011. (*Id*. ¶¶ 10-29.)

On August 30, 2012, the Defendants removed the action from to this Court. (Doc. 1.) The Defendants allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (*Id*. ¶ 7.) In the Notice of Removal, Defendants aver that Plaintiffs "are both residents of the Commonwealth of Pennsylvania." (*Id*. ¶ 3.) Defendant Hurricane Express, Inc. is averred to be "a business entity with a principal place of business located in Colcord, Oklahoma." (*Id*. ¶ 4.)

## II. Discussion

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte.  Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A.  Corporate Defendant

In this case, Defendants' Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the corporate Defendant.  A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business."  *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316,

320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business").  A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, the Notice of Removal only includes facts about the corporate Defendant's principal place of business in the State of Oklahoma.  (Doc. 1, ¶ 4.)  To properly plead the citizenship of this corporation, Defendants must also allege where the corporate Defendant is incorporated, a fact that does not appear in the Notice of Removal.  Therefore, this Court finds that the Notice of Removal has not properly demonstrated the corporate Defendant's citizenship for purposes of diversity jurisdiction.

**B.  Plaintiffs**

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled.  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent that the Notice of Removal alleges that Plaintiffs are both residents of the Commonwealth of Pennsylvania, this is not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes.  *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). The Court therefore finds that the Notice of Removal has not properly demonstrated Plaintiffs'

3

citizenship for purposes of diversity jurisdiction.

### III. Conclusion

For the above stated reasons, the Notice of Removal fails to adequately establish the diversity of the parties. As Defendants have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, because "removal is based on allegations of diversity jurisdiction and diversity jurisdiction appears to exist in light of other documents in the record, courts in this district have allowed defendants to amend a notice of removal to correct technical deficiencies in the notice's allegations regarding citizenship of a party." *Petroski v. Kmart Corp.*, No. 12-955, 2012 WL 1899706 (M.D. Pa. May 24, 2012) (internal citations omitted). As such, Defendants will be given twenty-one (21) days in which to file an amended notice of removal to properly allege the citizenship of Plaintiffs and the corporate Defendant. Failure to do so will result in the dismissal of this action.

An appropriate order follows.


September 5, 2012                                    /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge